Jean Claude Mazzola (admitted *pro hac vice*)
Gregory W. Gilliam (admitted *pro hac vice*)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017-5639
212.490.3000
jc.mazzola@wilsonelser.com
gregory.gilliam@wilsonelser.com

Jaryl L. Rencher (4903)
Greg A. Stebbing (13869)
Stucki Steele & Rencher, LLC
215 South State Street
Suite 600
Salt Lake City, Utah 84111
801.961-1300
rencher@ssrfirm.com
gstebbing@ssrfirm.com

*Counsel for Defendant China Export & Credit Insurance Corporation a/k/a Sinosure*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTIONS, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUNHILLS INTERNATIONAL, LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT SINOSURE'S MOTION TO DISMISS**<br><br><br>Consolidated Case No. 1:10-cv-00113 DB<br><br>Honorable Dee Benson<br><br>**<u>Oral Argument Requested</u>** |
| ORBIT IRRIGATION PRODUCTIONS, INC., a Utah Corporation, | [Case No. 1:11-cv-0012-DB] |

|                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                         |   |
|---|---|
| Plaintiff, <br><br> vs. <br><br> TAIZHOU DONGFANG LIGHT DECORATIONS CO., LTD., a Chinese company; ZHEJIANG HONGCHEN IRRIGATION EQUIPMENTCO., LTD, a Chinese Corporation; LUO JUN, an individual; CHINA EXPORT & CREDIT INSURANCE CORPORATION a/k/a SINOSURE, a Chinese corporation; JANICE CAPENER, and individual; DAN CAPENER, an individual; SUNHILLS INTERNATIONAL, LLC, a California limited liability company; RONG PENG, an individual; TIM MIKA, an individual; "MEGAN DOE," and individual; "MANDY DOE," and individual; and DOES 3-10, <br><br>                          Defendants. |   |

# TABLE OF CONTENTS

POINT I: THE FEDERAL COURT IN UTAH DOES NOT HAVE PERSONAL
JURISDICTION OVER SINOSURE ................................................................................................ 1

    A.    Minimum Contacts are Lacking ........................................................................................ 2
    B.    Utah's Long-arm Statute Does Not Extend to Sinosure's Alleged Acts ............................ 4
    C.    Subrogation Does Not Confer Jurisdiction For Unrelated Tort Claims ............................ 6

POINT II: ORBIT'S CLAIMS AGAINST SINOSURE FAIL AS A MATTER OF LAW ........... 7

POINT III: THE DOCTRINE OF FORUM NON CONVENIENS IS APPLICABLE ................. 9

CONCLUSION ................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V*,
　710 F.2d 1449 (10th Cir. 1983) ................................................................................ 6

*Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120 (Utah 1992) .............................. 2

*Asahi Metal Industry Co. v. Superior Court of California*,
　480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) .................................................. 3

*Ashcroft v. Iqbal*, 556 U.S. 662 129 S.Ct. 1937, 1949 (U.S., 2009) ................................................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 1237 S.Ct. 1955, 1974 (2007) ..................................... 8

*Boyle v. National Union Fire Ins. Co.*, 866 P.2d 595 (Utah App.,1993) ......................................... 9

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ............. 3

*Dennett v. Smith*, 445 P.2d 983 (1968) ........................................................................................... 9

*Dow Chemical Corp. v. Weevil-Cide Co., Inc.*, 897 F.2d 481 (10th Cir. 1990) ............................. 7

*Far West Capital, Inc. v. Towne*, 828 F.Supp. 909 (1993) *aff'd* 46 F.3d 1071 .............................. 7

*Fenn v. Mleads Enterprises, Inc.*,137 P.3d 706 (Utah 2006) .......................................................... 4

*Grynberg v. Ivanhoe Energy, Inc.*, 2012 WL 2855777 (10th Cir. 2012) ........................................ 5

*Hanks v. Administrator of Jensen's Estate*, 531 P.2d 363 (Utah 1974) .......................................... 3

*Harnischfeger Engineers, Inc. v. Uniflo Conveyor, Inc.*, 883 F.Supp. 608 (D.Utah 1995) ............ 5

*Mosier v. Callister, Nebeker & McCullough*, 2007 WL 1097913 (D. Utah 2007) ........................ 9

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086 (10th Cir.1998) ........................ 1

*Patriot Systems, Inc. v. C-Cubed Corp.*, 21 F.Supp.2d 1318 (1998) .............................................. 6

*Pohl, Inc. of America v. Webelhuth,* 201 P.3d 944 (Utah 2008) ..................................................... 6

*Rambo v. American Southern Ins. Co.*, 839 F.2d 1415 (10th Cir.1988) ........................................ 1

*Rupp v. Transcontinental Ins. Co.*, 627 F.Supp.2d 1304 (D.Utah 2008) ........................................ 7

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006) ........................................... 5

*Systems Designs, Inc. v. New Customware Co., Inc.*, 248 F.Supp.2d 1093 (D.Utah 2003) ........... 4

*Williams v. Bowman Livestock Equipment, Co.*, 927 F.2d 1128 (10th Cir.1991) .......................... 4

*World-Wide Volkswagen Corp. v. Woodson*,
　444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1979) .................................................. 3

**Statutes**
UT ST § 78B-6-404 ............................................................................................................ 9
UT ST § 78B-3-205 ............................................................................................................ 6

Defendant China Export & Credit Insurance Corporation (a/k/a Sinosure) ("Sinosure") submits this Reply Memorandum of Law in Support its Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), or, alternatively, on the grounds of *forum non conveniens*. Sinosure also requests oral argument before this Court on these issues.

### POINT I: UTAH DOES NOT HAVE PERSONAL JURISDICTION OVER SINOSURE

"The Plaintiff bears the burden of establishing personal jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998) *citing Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988). Orbit has failed to meet its burden.

Utah courts may apply either "general" or "specific" personal jurisdiction. The Utah Supreme Court has explained that for general personal jurisdiction to exist, "the defendant must be conducting substantial and continuous local activity in the forum state." *Arguello v. Industrial Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)(citations omitted). Here, Orbit makes no allegations of Sinosure "conducting substantial and continuous local activity" in Utah. Rather, as the opposition papers make clear, Orbit argues that personal jurisdiction in this instance is proper due to Sinosure's "minimum contacts" with the forum state. Opp. Br., p. 2 ("In this case, Sinosure has minimum contacts with the State of Utah.").[1]

For the reasons set forth below, however, Orbit has failed to meet its burden of establishing specific personal jurisdiction.

---

[1] Plaintiff Orbit's *Combined Memorandum (A) In Opposition to Sinosure's Motion to Dismiss; and (B) In Support of Orbit Irrigation Products, Inc.'s Alternative Motion to Compel Limited Discovery* dated July 20, 2012 is referred to as "Opp. Br." throughout.

### A. Minimum Contacts are Lacking

Orbit argues four assertions that it describes as sufficient minimum contacts. Each of these assertions, however, fails to demonstrate sufficient contact with Utah that would suffice as a basis for personal jurisdiction as a matter of law.

First, Orbit asserts that Sinosure knew it was insuring Dong Fang against non-payment by a company located in Utah. Opp. Br., p. 2. Orbit has offered no affidavits or evidence to support its assertion of what Sinosure knew at the time it insured Dong Fang. Moreover, Orbit offers no case law to support the assertion that Sinosure *should* have known that the risk insured had a *potential* relation to Utah. Even assuming *arguendo* that Sinosure knew it was insuring a risk that potentially involved Utah, Plaintiff does not cite any case law supporting the inferred proposition that the act of insuring such a risk equates to the requisite "purposeful availment" described in Utah case law. Indeed, Utah Court's have long held that any "activity relied upon to bring the non-resident tortfeasor within our Long-Arm statute would have to be something done by the party himself, or his agent." *Hanks v. Administrator of Jensen's Estate*, 531 P.2d 363, 365 (Utah 1974); *see also Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (holding that minimum contacts must be based on the defendant's affirmative actions which create a substantial connection with the forum state.) Here, Sinosure insured a risk that was limited to China, specifically, the short-term credit risk of Dong Fang. Whether or not Sinosure could foresee that it might be dragged into Utah to defend tort claims is not enough to establish minimum contacts. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1979) (holding that foreseeability

alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause).

Second, Orbit argues that Sinosure's website advertises its willingness to "bring suit in jurisdictions around the world," and such willingness must necessarily include Utah.[2] Opp. Br., p. 2. However, using this proposition as a basis for purposeful availment, if carried to its logical conclusion, would mean that Sinosure has submitted itself to the personal jurisdiction of all 50 states and every country on the globe by virtue of its website advertising — an extraordinary conclusion, indeed. Moreover, the Tenth Circuit has held that advertising alone is insufficient to form a basis for minimum contacts. *See e.g., Systems Designs, Inc. v. New Customware Co., Inc.*, 248 F.Supp.2d 1093, 1103 (D. Utah 2003); *Williams v. Bowman Livestock Equipment, Co.*, 927 F.2d 1128, 1131 (10th Cir. 1991).

Third, Orbit argues that one email and "other related communications" were sent to Utah, which "clearly contemplated litigation, in Utah, should Orbit not pay as demanded" by Sinosure. Opp. Br., p. 2-3. Notwithstanding the fact that Orbit has not provided the "other related communications" and that nothing in the January 6, 2011 email threatens or contemplates litigation anywhere, this Court should conclude that the quality and nature of this single email inquiring as to a debt is insufficient as a basis for specific jurisdiction.[3] *See*, *e.g*, *Fenn v. Mleads Enterprises, Inc.*,137 P.3d 706 (Utah 2006) (observing that "the question of purposeful availment

---

[2] Plaintiff relies on Sinosure's "website" for statements of Sinosure's global reach. Opp. Br., Exh. A. However, it appears that Plaintiff has confused Sinosure's Credit Management and Accounts Receivable ("A/R") Management Services with Sinosure's Commercial Credit Insurance Division (f/k/a China Export & Credit Insurance Corp.). *See* Declaration of Gregory W. Gilliam, Exh. A, submitted herewith. In short, Plaintiff has cited the wrong website.

[3] In its moving papers, Sinosure mistakenly cited the date of the email inquiry as Jan. 6, 2010. The date of the email is actually January 6, 2011. *See* Opp. Br., Exh. C.

is irrelevant when the nature and quality of the contact creates an insubstantial connection with the forum."). Sinosure was not subrogee at the time it sent the email and the email pertained to only one of seventeen outstanding invoices and accounted for approximately USD $45,000 out of the total USD $880,000 outstanding balance. *See* Opp. Br., Exh. G.

Finally, Orbit argues that Sinosure's *presumed* knowledge of a notice-of-assignment provision in the supplier agreement between Dong Fang and Orbit should have somehow made Sinosure aware of consequences to Orbit in the "United States". Opp. Br., p. 3.

Setting aside that Orbit offers essentially no authority for this proposition, the logic of such an argument is lacking. Jurisdiction is not conferred on Sinosure where Dong Fang failed to act. "Jurisdiction is proper where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Asahi*, 480 U.S. at 109 (1987) (emphasis in original).[4]

**B.** **Utah's Long-arm Statute Does Not Extend to Sinosure's Alleged Acts**

Plaintiff is attempting to haul Sinosure into Utah on the basis of various tort claims. Yet, when the allegations are scrutinized, it becomes clear that Orbit is essentially leveraging tortious activities allegedly committed in China as means for hauling a Chinese company into a Utah

---

[4] While the Tenth Circuit has apparently yet to rule (*see Grynberg v. Ivanhoe Energy, Inc.*, 2012 WL 2855777 * FN4 (10th Cir. 2012)), the majority view of the Circuit Courts regarding multiple claims in specific jurisdiction appears to be that the plaintiff must establish specific jurisdiction over each of its alleged claims. *See, e.g., Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006) ("Permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts would violate the Due Process Clause. Thus, if a plaintiff's claims relate to different forum contacts of the defendant, specific jurisdiction must be established for each claim.") Therefore, to the extent this Court finds minimum contacts with respect to Orbit's claim for Declaratory Judgment, Orbit must still show minimum contacts with respect to each tort claim in order to assert personal jurisdiction over such claims.

4

court. The allegations in the Complaint fail to sufficiently plead any real nexus to Utah.

Orbit's allegations that Sinosure made defamatory statements about Orbit to other companies in China do not fall with the reach of Utah's long arm statute where it is not alleged that anyone in Utah received such statements. While Orbit may have felt the alleged injury in Utah, the injury was actually caused outside of Utah. *See Harnischfeger Engineers, Inc. v. Uniflo Conveyor, Inc.*, 883 F.Supp. 608 (D. Utah 1995) (holding that a corporation located in Kansas did not cause injury within state of Utah, so as to be subject to specific personal jurisdiction under Utah the long-arm statute, by sending a letter which allegedly defamed Utah corporation, even though it was claimed that Utah corporation suffered economic damage within state, since allegedly tortious letter had not been sent to anyone within state).[5] This same holding was essentially reaffirmed in *Pohl, Inc. of America v. Webelhuth,* 201 P.3d 944, 951 (Utah 2008).

Similarly, Utah's long-arm statute is unavailable where Orbit's allegations concerning Sinosure's alleged tortious interference with economic relationships involve other Chinese companies, alleged acts committed in China, and only a tenuous connection to Utah. *See Patriot Systems, Inc. v. C-Cubed Corp.*, 21 F.Supp.2d 1318 (D. Utah 1998) (holding federal district court in Utah lacked specific personal jurisdiction under Utah long-arm statute over out-of-state manufacturer in action by Utah corporation where injury may have been sustained in Europe but out-of-state manufacturer's connection to Utah was merely fortuitous).

Finally, Orbit's claim of civil conspiracy also fails under the long-arm statute where, as

---

[5] Sinosure acknowledges that the Utah legislature has amended the long-arm statute since *Harnischfeger* was decided to include the phrase "relating to" in the language of the statute. *See* UT ST § 78B-3-205. However, the Utah Supreme Court has explicitly acknowledged the correctness of the reasoning in *Harnischfeger* concerning the causation of injury versus the place of injury in the context of a jurisdictional analysis. *Pohl, Inc,* 201 P.3d at 951.

5

here, only the civil-conspiracy allegation connects the defendant to the forum state. *See American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V*, 710 F.2d 1449 (10th Cir. 1983) (holding that plaintiff failed to meet its threshold burden of establishing personal jurisdiction under Utah's long-arm statute over individual Dutch defendants, alleged to have engaged in conspiracy with other Dutch parties to damage plaintiff's business by publication of allegedly defamatory articles, where individual Dutch defendants had no other ties to Utah).

In sum, all of the bad acts that Orbit attributes to Sinosure occurred in China. The alleged defamatory statements were purportedly made in China, to other Chinese companies; the economic relations that Orbit alleges were harmed exist in China; and the alleged conspiracy took place in China with Sinosure having no other ties to Utah. Thus, Orbit cannot meet its burden of establishing personal jurisdiction over Sinosure where the only connection to Utah is Orbit's own purported financial loss. *See Far West Capital, Inc. v. Towne*, 828 F.Supp. 909 (1993) *aff'd* 46 F.3d 1071 (District court could not exercise personal jurisdiction under Utah's long-arm statute solely on basis of financial loss).

### C. Subrogation Does Not Confer Jurisdiction For Unrelated Tort Claims

Orbit argues that Sinosure, as subrogee, assumes the jurisdictional characteristics of Dong Fang, the subrogor, for alleged tortious conduct in China. None of the cases cited in Plaintiff's opposition papers support Orbit's position that personal jurisdiction is somehow conferred on a subrogee for tortious acts committed outside the scope of the contract.

Plaintiff cites only two cases in its subrogation argument, *Rupp v. Transcontinental Ins. Co.*, 627 F.Supp.2d 1304 (D. Utah 2008) and *Dow Chemical Corp. v. Weevil-Cide Co., Inc.*, 897

6

F.2d 481 (10th Cir. 1990). Neither case supports the proposition that the act of subrogation, whether in contract or in equity, allows a third-party to assert jurisdiction for unrelated tort claims against a subrogee.

Orbit has alleged tort claims against Sinosure, including conspiracy, defamation, and intentional interference with economic relations. These claims are separate and distinct from any contractual claims related to the underlying Supplier Agreement. Thus, even accepting Orbit's premise that Sinosure has "stepped into the shoes" of Dong Fang and any rights that Sinosure "has or claims to have to collect any money from Orbit stem from [the] subrogation agreement" (Opp. Br., p. 4), such assumption of rights and remedies relates to underlying contract, not the torts alleged by Orbit against Sinosure in the Complaint.

### POINT II: ORBIT'S CLAIMS AGAINST SINOSURE FAIL AS A MATTER OF LAW

Orbit's recitation of the elements for each cause of action against Sinosure is insufficient to defeat a motion for dismissal where, as here, the allegations are essentially only labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (A pleading that offers labels and conclusions will not do, nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.)

In its Complaint, Orbit arguably offers essentially inadequate assertions and conclusions to support all its claims against Sinosure. Orbit asserts that Sinosure has made "false claims" regarding Orbit to factories and suppliers in China, and these statements may concern Orbit's abilities in China to pay its debts and "otherwise discouraged" such suppliers from working with Orbit. Complaint, ¶ 157, 218. There are no allegations as to the substance of the false claims, to whom they were made or what general context they were made. Without these factual assertions,

Orbit cannot meet its Rule 8 obligation.  A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 1237 S.Ct. 1955, 1974 (2007).  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.  *Id.*, 550 U.S. at 555, 127 S.Ct. at 1965.

As more thoroughly argued in the moving papers, none of claims against Sinosure have any factual allegations.  In its sixth claim for relief (intentional interference with economic relations), Orbit claims, upon information and belief, that Sinosure has created "concerns" among "other Chinese manufacturers" that Sinosure "may" withhold funds if they manufacture products of Orbit.  Complaint, ¶227.  Such broad claims fail to raise Plaintiff's right to relief above a speculative level, and even suggest that the issue is not ripe for adjudication.

The ninth claim for relief (defamation) is similarly flawed.  Orbit alleges Sinosure and other defendants "knowingly made false statements" about Orbit.  Complaint, ¶243.  The pleading standards in Utah, however, require more.  Utah law requires a defamation complaint to be dismissed for lack of particularity only where it contains nothing more than general, conclusory allegations of defamation.  *Dennett v. Smith*, 445 P.2d 983, 984 (Utah 1968).  Simply alleging "false claim" of creditworthiness is insufficient, especially where there has not been a factual allegation of harm as a result of any purported false claims.

Orbit's nineteenth claim for civil conspiracy appears to be a "catch-all" allegation.  Orbit asserts no factual allegations that could evince a meeting of the minds on an object course of action.  *Cf.*, *Mosier v. Callister, Nebeker & McCullough*, 2007 WL 1097913 (D. Utah 2007).

Finally, Orbit's claim for declaratory relief fails as it is premature.  Sinosure has made no

8

demand for payment, thus there is no justiciable issue that is ripe for declaratory relief. *See* UT ST § 78B-6-404 (The court may refuse to render or enter a declaratory judgment or decree where a judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.); *see also Boyle v. National Union Fire Ins. Co.*, 866 P.2d 595, 598 (Utah App. 1993)(affirming motion court's dismissal of claim for declaratory relief where issue was not ripe).

Viewed either collectively or separately, Orbit's broad and conclusory allegations supporting the four claims against Sinosure are insufficient to sustain these claims. A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555; 1237 S.Ct. at 1964; *Iqbal*, 556 U.S. at 677-678, 129 S.Ct. at 1949 (internal citations omitted). Orbit has failed to do so here with respect to Sinosure. Thus, the Complaint as against Sinosure should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**POINT III: THE DOCTRINE OF FORUM NON CONVENIENS IS APPLICABLE**

In its opposition brief, Orbit points to the Supplier Agreement and its choice-of-law clause to support its assertion that Chinese law does not apply and Utah law does. Opp. Br., p. 10. Sinosure, however, is not a party to the Supplier Agreement. To the extent that Dong Fang has subrogated its contractual claims to Sinosure, Sinosure has not tried to enforce any of the contractual rights pursuant to the Supplier Agreement.

Orbit, conversely, has alleged tort claims, not contractual claims, against Sinosure. The tortious conduct alleged, whether it is intentional interference with economic relations, libel, or civil conspiracy, is entirely alleged to have incurred in China. Thus, all of the witnesses, and

evidence of the alleged malfeasance exists in China; any witnesses who heard or saw the alleged defamatory statements are in China; any documents reflecting defamatory statements are in China; and Sinosure has agreed to accept service of any complaint that Orbit may file in China relating to these tort claims. *See Affirmation of Yang Xuejin* [Dkt.61, ¶17]

Whether the Utah choice-of-law test is applied or the public and private factors are balanced, the conclusion is the same. China is the more convenient forum to hear Orbit's tort claims against Sinosure.

## CONCLUSION

For the foregoing reasons, Orbit's Complaint against Sinosure should be dismissed Pursuant to Fed. R. Civ. P. 12 (b)(2), 12(b)(6), or, alternatively, on the grounds of *forum non conveniens*.

Dated: This 20th day of August, 2012.

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

        By: /s/ Jean Claude Mazzola
           Jean Claude Mazzola
           Gregory W. Gilliam
           3 Gannett Drive
           White Plains, New York 10604
           914-323-7000

        and

           Jaryl L. Rencher
           Greg A. Stebbing
           Stucki Steele & Rencher, LLC
           215 South State Street, Suite 600
           Salt Lake City, Utah 84111

        *Attorneys for Defendant China Expert & Credit Insurance Corporation a/k/a Sinosure*