IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation,<br><br>        Plaintiff/Counterdefendant,<br><br>v.<br><br>SUNHILLS INTERNATIONAL, LLC, a California limited liability company; and DOES 1-10,<br><br>        Defendant/Counterclaimant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS SUNHILLS INTERNATIONAL, LLC, JANICE CAPENER, AND RONG PENG'S MOTION TO STAY**<br><br>Case No.  1:10-cv-00113-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |
| ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>TAIZHOU DONGFANG LIGHT DECORATIONS CO., LTD., a Chinese company; ZHEJIANG HONGCHEN IRRIGATION EQUIPMENT CO., ltd., a Chinese corporation; HONG CHENG, a Chinese corporation; LUO JUN, an individual; CHINA EXPORT & CREDIT INSURANCE CORPORATION a/k/a SINOSURE, a Chinese corporation; and DOES 1-10,<br><br>        Defendants. | |

Defendants Sunhills International, LLC, Janice Capener, and Rong Peng's (collectively,

"Defendants") moved to stay civil proceedings pending outcome of criminal proceedings.

1

(Docket No. 64.) Defendants argue proceeding with parallel civil and criminal cases will substantially prejudice their Fifth Amendment privilege against self-incrimination so as to require a stay in the civil proceedings. Pursuant to Civil Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of written memoranda and finds oral argument unnecessary. *See* DUCivR 7-1(f).

This Court determines that the interests of justice do not require a stay because of the testimony already given in this case and because Ms. Capener and Rong Peng continue to have the right to assert their Fifth Amendment privilege to the extent they have not already waived it. Furthermore, Sunhills International, LLC has no Fifth Amendment privilege as a limited liability corporation. Therefore, no basis for a stay as to it exists. As set forth in more detail below, the Court DENIES the Motion to Stay.

## DISCUSSION

The trial court has discretion to grant or deny a postponement of civil discovery. *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985). "The Constitution does not generally require a stay of civil proceeding pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. . . .When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal citations omitted).

### *Sunhills International, LLC*

The Court notes that although the motion addresses Janice Capener, Sunhills International, LLC, and Rong Peng, the Fifth Amendment privilege only applies to Janice Capener and Rong Peng because an artificial entity cannot invoke the privilege. *See Baltimore*

*& Ohio R.R. Co. v. Interstate Commerce Comm'n*, 221 U.S. 612, 622 (1911) (holding a corporation cannot assert the Fifth Amendment privilege); *see also Braswell v. United States*, 487 U.S. 99, 102 (1988) ("[I]t is well established that such artificial entities [such as collective entities and other similar type organizations] are not protected by the Fifth Amendment"); *Sec. & Exch. Comm'n v. Ryan* , 747 F. Supp. 2d 355, 364 (N.D.N.Y. 2010) (stating "[w]hether it is a one-person corporation or a limited liability company, neither can avail itself of this Fifth Amendment protection") (citation omitted).  An artificial entity may seek a stay "where no one can answer the interrogatories addressed to the corporation without subjecting himself to a real and appreciable risk of self-incrimination."  *See United States v. Kordel*, 397 U.S. 1, 8-9 (1970) (identifying hypothetical situation warranting stay of criminal proceedings).  However, Defendant Sunhills International, LLC did not assert this argument in the briefing.  Therefore, the Court denies the Motion to Stay as to Sunhills International, LLC.

### *Janice Capener and Rong Peng*

For the Court to grant a stay, "a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotations and citation omitted).  In determining whether to grant a stay, the Court considers a combination of six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006) (unpublished) (citing *Trs.*

*of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).  Considering these factors, the Court does not find a stay necessary.

### A.  Overlap of the Issues

Issues in both the criminal and civil case significantly overlap.  The civil case against Ms. Capener and Rong Peng alleges patent and trademark infringement through Ms. Capener's access to proprietary information as the Plaintiff's employee.  (Docket No. 38.)  The criminal case similarly alleges that Ms. Capener and Sunhills International, LLC stole Plaintiff's trade secrets through Ms. Capener's access to the same information during her employment with the Plaintiff.  *United States v. Capener*, No. 1:12-CR-00027 (D. Utah, filed Apr. 25, 2012).  The criminal proceedings currently exclude Rong Peng.  While "self-incrimination is more likely if there is a significant overlap," *Transworld*, 886 F. Supp. at 1139, the Court notes that the government is not a Plaintiff in the civil action.  This fact weighs against a stay because "there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution."  *Wirth v. Taylor*, No. 2:09-CV-127, 2011 WL 222323, at *2 (D. Utah Jan. 21, 2011) (unpublished) (citation omitted).  Under these circumstances, this factor weighs somewhat in favor of granting a stay.

### B.  Status of the Criminal Case

The United States of America indicted Defendants Janice Capener and Sunhills International, LLC, as well as Luo Jun and Zhejiang Hongchen Irrigation Equipment on April 25, 2012.  *See United States v. Capener*, No. 1:12-CR-00027 (D. Utah, filed Apr. 25, 2012). Criminal charges against Luo Jun and Zhejiang Hongchen Irrigation Equipment have already been resolved, *see id.*, Docket Nos. 74, 77, 79, leaving Ms. Capener and Sunhills International,

LLC[1] as the remaining parties facing criminal charges.  Thus, this factor weighs in favor of a stay as to Ms. Capener.  Rong Peng has no criminal charges pending.  Thus, this factor weighs against granting a stay as to Rong Peng.

## C.  Plaintiff's Interests

The Court notes that the civil case has been pending since July 2010, and the Plaintiff has an interest in the "expeditious resolution" of its case.  *Tibbs v. Vaughn*, No. 2:08-CV-787, 2012 WL 4480360, at *3 (D. Utah Sept. 28, 2012) (unpublished) (quoting *Hilda M. v. Brown*, No. 10-CV-02495, 2010 WL 5313755, at *5 (D. Colo. Dec. 20, 2010) (unpublished)).  The parties initially agreed to complete discovery by April 1, 2012. (Docket No. 15.)  Instead, the Plaintiff amended its Complaint on April 26, 2012, (Docket No. 38), adding Janice Capener and Rong Peng as individual defendants.  The allegations relate to ongoing business harms that put the Plaintiff at a significant disadvantage, should the allegations prove true, because of continuing business competition.[2]  Courts have declined to stay civil proceedings where delay would prejudice the plaintiff's interests because of the defendant's continuing misconduct or history of hiding assets, or the plaintiff's chance of enforcing a judgment against the defendant is reduced. *See, e.g.*, *Fed. Trade Comm'n v. J.K. Publ'ns Inc.*, 99 F. Supp. 2d 1176, 1197 (C.D. Cal. 2000) (detailing history of hiding and attempting to dispose of assets); *Int'l Bus. Machs Corp. v. Brown*, 857 F. Supp. 1384, 1391 (C.D. Cal. 1994) (noting risk of further depletion of assets to satisfy possible judgment with passage of time).  Under these circumstances, faster resolution of

---

[1] For the reasons noted above, Sunhills International has no Fifth Amendment right and the Court denies the stay as to it.

[2] On the Defendants' side the cloud of the allegations may also impose continuing business harms.

the civil case either for or against Plaintiff, benefits Plaintiff in knowing how to proceed in its business dealings. Therefore, this factor weighs heavily against a stay.

### D. Defendant's Interests

The Court also takes into consideration the burden on the Defendants in proceeding with parallel actions, in particular, their Fifth Amendment rights. Ms. Capener has already provided testimony in this and related cases. (Pl.'s Opp. Mem. Exs. 6, 16, 18, Docket No. 65.) Where the defendant has already testified, allowing discovery to proceed will cause "little if any prejudice." *Wirth*, 2011 WL 222323, at *2; *see also Creative Consumer Concepts*, 563 F. 3d at 1081; *Tibbs*, 2012 WL 4480360, at *3. Rong Peng also gave a deposition in a related matter. (Pl.'s Opp. Mem. 6, Docket No. 65.) Because Ms. Capener gave testimony on the issues in dispute previously, the burden of proceeding in parallel actions diminishes. The government has not charged Rong Peng with a criminal case, thus no parallel action exists. To the extent a possibility of criminal prosecution exists, Rong Peng's prior testimony diminishes the burden. Furthermore, Janice Capener and Rong Peng may still attempt to assert their Fifth Amendment privileges. *See e.g.*, *N. River Ins. Co. v. Stefanou*, 831 F. 2d 484, 487 (4th Cir. 1987) (explaining requirement to assert Fifth Amendment privilege in civil litigation with particularity). Thus, this factor weighs against a stay for Janice Capener and Rong Peng.

### E. The Interests of the Courts and the Public

As to the remaining factors, the Court and the public not only have an interest in ensuring that the criminal prosecution proceeds speedily, but also have "a strong interest in keeping litigation moving to conclusion without unnecessary delay." *Tibbs*, 2012 WL 4480360, at *3 (quotation omitted). Furthermore, the public has an interest in not being mislead in its

purchasing.  Expeditious resolution of matters alleging such misleading practices serves the public's interest in full information.

     Considering the aforementioned factors, the Court does not consider a stay in the civil proceedings necessary because the Defendatns have failed to show substantial prejudice to their rights.  Therefore, the Court DENIES the Motion to Stay.

     SO ORDERED  this 2nd day of November, 2012.

                    BY THE COURT:

                    _____
                    EVELYN J. FURSE
                    United States Magistrate Judge

7