IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation,<br><br>       Plaintiff/Counterdefendant,<br><br>v.<br><br>SUNHILLS INTERNATIONAL, LLC, a California limited liability company; and DOES 1-10,<br><br>       Defendant/Counterclaimant.<br><br>ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>TAIZHOU DONGFANG LIGHT DECORATIONS CO., LTD., a Chinese company; ZHEJIANG HONGCHEN IRRIGATION EQUIPMENT CO., ltd., a Chinese corporation; HONG CHENG, a Chinese corporation; LUO JUN, an individual; CHINA EXPORT & CREDIT INSURANCE CORPORATION a/k/a SINOSURE, a Chinese corporation; and DOES 1-10,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS TAIZHOU DONGFANG LIGHT DECORATIONS, ZHEJIANG HONGCHEN IRRIGATION EQUIPMENT CO., and LUO JUN'S MOTION TO STAY**<br><br>Case No.  1:10-cv-00113-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Taizhou Dongfang Light Decorations, Zhejiang Hongchen Irrigation

Equipment Co., Hong Cheng, and Luo Jun (collectively "Defendants") moved to stay civil

1

proceedings pending outcome of criminal proceedings.[1] (Docket No. 68.) Defendants argue proceeding with parallel civil and criminal cases will substantially prejudice Defendants' Fifth Amendment privilege against self-incrimination so as to require a stay in the civil proceedings. Pursuant to Civil Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of written memoranda and finds oral argument unnecessary. *See* DUCivR 7-1(f).

This Court determines that the interests of justice do not require a stay because criminal charges against Mr. Jun Luo have been dismissed, no longer implicating his Fifth Amendment privilege in the criminal context. Furthermore, Taizhou Dongfang Light Decorations, Zhejiang Hongchen Irrigation Equipment Co., and Hong Cheng as corporations have no Fifth Amendment privileges.[2] Therefore, no basis for a stay exists. As set forth in more detail below, the Court DENIES the Motion to Stay.

**DISCUSSION**

The trial court has discretion to grant or deny a postponement of civil discovery. *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985). "The Constitution does not generally require a stay of civil proceeding pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. . . .When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal citations omitted).

---

[1] Pursuant to Fed. R.Civ. P. 10(c), Defendants adopted and incorporated the Motion for Stay filed by Defendants Sunhills International, LLC, Janice Capener, and Rong Peng. (Docket No. 68; *see* Docket Nos. 64, 65.)

[2] Taizhou Dongfang Light Decorations is a Chinese company while both Zhejiang Hongchen Irrigation Equipment Co., and Hong Cheng are Chinese corporations.

***Taizhou Dongfang Light Decorations Co., Ltd., Zhejiang Hongchen Irrigation Equipment Co., Ltd., Hong Cheng***

The Court notes that although the motion addresses Taizhou Dongfang Light Decorations, Zhejiang Hongchen Irrigation Equipment Co., Hong Cheng, and Luo Jun, the Fifth Amendment privilege only applies to Luo Jun because a corporation cannot invoke the privilege. *Baltimore & Ohio R.R. Co. v. Interstate Commerce Comm'n*, 221 U.S. 612, 622 (1911). *See also Braswell v. United States*, 487 U.S. 99, 102 (1988) ("[I]t is well established that such artificial entities [such as collective entities and other similar type organizations] are not protected by the Fifth Amendment").

A corporation may seek a stay "where no one can answer the interrogatories addressed to the corporation without subjecting himself to a real and appreciable risk of self-incrimination." *See United States v. Kordel*, 397 U.S. 1, 8-9 (1970) (identifying hypothetical situation warranting stay of criminal proceedings). Defendants Taizhou Dongfang Light Decorations, Zhejiang Hongchen Irrigation Equipment Co., Hong Cheng did not assert this point in the briefing. Therefore, the Court denies the Motion to Stay as to Taizhou Dongfang Light Decorations, Zhejiang Hongchen Irrigation Equipment Co., and Hong Cheng.

***Luo Jun***

For the Court to grant a stay, "a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotations and citation omitted). In determining whether to grant a stay, the Court considers a combination of six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the

3

prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006) (unpublished) (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).  Considering these factors, the Court does not find a stay necessary.

### A.  Overlap of the Issues

While "self-incrimination is more likely if there is a significant overlap," *Transworld*, 886 F. Supp. at 1139, the Court notes that the government is not a Plaintiff in this civil action. This fact weighs against a stay because "there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution." *Wirth v. Taylor*, No. 2:09-CV-127, 2011 WL 222323, at *2 (D. Utah Jan. 21, 2011) (unpublished) (citation omitted).  Moreover, Mr. Luo no longer has criminal charges pending against him, thus no pending criminal case overlaps this case with respect to Mr. Luo.  *See United States v. Capener*, No. 1:12-CR-00027 (D. Utah, filed Apr. 25, 2012).  This factor weighs heavily against granting a stay.

### B.  Status of the Criminal Case

The United States of America indicted Defendants Luo Jun and Zhejiang Hongchen Irrigation Equipment on April 25, 2012.  *See United States v. Capener*, No. 1:12-CR-00027 (D. Utah, filed Apr. 25, 2012).  Criminal charges against Luo Jun and Zhejiang Hongchen Irrigation

4

Equipment have already been resolved, *see id.*, Docket Nos. 74, 77, 79, leaving no parties subject to this instant motion facing criminal charges.[3]  Thus, this factor weights against granting a stay.

### C.  Plaintiff's Interests

The Court notes that the civil case has been pending since July 2010, and the Plaintiff has an interest in the "expeditious resolution" of its case.  *Tibbs v. Vaughn*, No. 2:08-CV-787, 2012 WL 4480360, at *3 (D. Utah Sept. 28, 2012) (unpublished) (quoting *Hilda M. v. Brown*, No. 10-CV-02495, 2010 WL 5313755, at *5 (D. Colo. Dec. 20, 2010) (unpublished)).  The allegations relate to ongoing business harms that put the Plaintiff at a significant disadvantage because of continuing business competition.  Courts have declined to stay civil proceedings where delay would prejudice the plaintiff's interests because of the defendant's continuing misconduct or history of hiding assets, or the plaintiff's chance of enforcing a judgment against the defendant is reduced.  *See, e.g.*, *Fed. Trade Comm'n v. J.K. Publ'ns Inc.*, 99 F. Supp. 2d 1176, 1197 (C.D. Cal. 2000) (detailing history of hiding and attempting to dispose of assets); *Int'l Bus. Machs Corp. v. Brown*, 857 F. Supp. 1384, 1391 (C.D. Cal. 1994) (noting risk of further depletion of assets to satisfy possible judgment with passage of time).  Where one of the movants, Zhejiang Hongchen Irrigation Equipment Co., Ltd. has already pled guilty, Plaintiff's interest in a resolution of the civil matter increases.  Under these circumstances, this factor weighs heavily against a stay.

---

[3] The Government dismissed charges against Mr. Luo. (Docket No. 74.)  Zhejiang Hongchen Irrigation Equipment Co., Ltd. pled guilty to Count 6 of the Indictment with the remaining counts dismissed.  (Docket Nos. 74, 77, 79.)

D.  Defendant's Interests

The Court also takes into consideration the burden on the Defendants in proceeding with parallel actions.  Currently, with no criminal proceedings, Defendants need only litigate the civil proceedings, constituting no burden.  This factor weighs heavily against a stay.

E.  The Interests of the Courts and the Public

As to the remaining factors, the Court and the public have "a strong interest in keeping litigation moving to conclusion without unnecessary delay." *Tibbs*, 2012 WL 4480360, at *3 (quotation omitted).  Furthermore, the public has an interest in not being mislead in its purchasing.  Expeditious resolution of matters alleging such misleading practices serves the public's interest in full information.  Considering the aforementioned factors, the Court does not consider a stay in the civil proceedings necessary.  Therefore, the Court DENIES the Motion to Stay.

SO ORDERED  this 2nd day of November, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge