IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC.,<br><br>Plaintiff,<br>vs.<br><br>SUNHILLS INTERNATIONAL, LLC, and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO FILE UNDER SEAL EXHIBIT B IN SUPPORT OF ORBIT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS AGAINST DEFENDANTS ZHEJIANG HONGCHEN IRRIGATION EQUIPMENT CO., LTD. TAIZHOU DONGFANG LIGHT DECORATIONS CO., LTD AND LUO JUN**<br><br>Consolidated Case No. 1:10-cv-00113-TS-EJF<br><br>Chief District Judge Ted Stewart<br><br>Magistrate Judge Evelyn J. Furse |
| ORBIT IRRIGATION PRODUCTS, INC.,<br><br>Plaintiff,<br>vs.<br><br>TAIZHOU DONGFANG LIGHT, et al,<br><br>Defendants. | [Case No. 1:11-cv-0012-DB] |

On October 28, 2013, Plaintiff filed a Motion To File Under Seal Exhibit B Of Orbit's Reply Memorandum In Support Of Orbit's Motion For Terminating Sanctions Against Defendants Zhejiang Hongchen Irrigation Equipment Co., Ltd., Taizhou Dongfang Light Decorations Co., Ltd., and Luo Jun (ECF No. 193).

In support of the Motion, Plaintiff stated "the exhibit which is to be filed under seal has been designated confidential or attorneys' eyes only pursuant to the Stipulated Protective Order

in this case." (ECF No. 193.) However, Local Rule 5-2 specifically states that "[a] stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." DUCivR 5-2(a). Local Rule 5-2(e) sets forth the procedure for filing memoranda that contain sealed material.

Under Local Rule 5-2(e), parties filing memoranda that contain sealed material must file two versions of the memorandum—one sealed, another redacted. DUCivR 5-2(e)(1). Such filings must be accompanied by a declaration "certifying that the sealed exhibits . . . are privileged or protectable as a trade secret or otherwise entitled to protection under the law and that the sealed filing has been narrowly tailored to protect only the specific information truly deserving of protection." DUCivR 5-2(e)(3). Local Rule 5-2 also sets forth a procedure for resolving disputes where the party seeking to refer to and file sealed material is unable to ascertain what information was intended to be protected. DUCivR 5-2(e)(4).

Given the memorandum's discussion of Exhibit B, certain aspects of Exhibit B appear not to be confidential (i.e., the to/from lines). Thus, Plaintiff should have filed one copy of the exhibit redacting only the specific information truly deserving of protection and another sealed, unredacted copy for the Court's review. Plaintiff's filing also fails to include the declaration required under 5-2(e)(3).

For these reasons, the Court DENIES Plaintiff's Motion.  If Plaintiff would like the Court to consider the exhibits it seeks to file under seal, it must file those documents consistent with the local rules and procedures described above.

DATED this 30th day of October, 2013.

BY THE COURT

Evelyn J. Furse
United States Magistrate Judge