IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DISTRICT

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, a Utah Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>SUNHILLS INTERNATIONAL, a California limited liability company, et al.,<br><br>                Defendants. | **ORDER CERTIFYING FACTS REGARDING CONTEMPT UNDER 28 U.S.C. § 636(e)(6) AND GRANTING, IN PART, ORBIT'S MOTION FOR SANCTIONS (ECF NO. 169)**<br><br>Case No. 1:10-CV-113-TS-EJW<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Orbit Irrigation Products ("Orbit") moved this Court[1] for Terminating Sanctions against Zhejiang Hongchen Irrigation Equipment Co., Ltd., Taizhou Dongfang Light Decorations Co., Ltd., and Luo Jun (collectively "the Hongchen Defendants"). (ECF No. 169.) The Court has reviewed the Motion and Memoranda of the parties and does not find oral argument necessary.[2] The Court does not find the facts warrant terminating sanctions at this time but does find civil contempt would provide the best sanction for the Hongchen Defendants' failures to provide discovery to date. The Court recommends the District Court hold the Hongchen Defendants in contempt of court fining them $1,000 per day for every day they fail to comply fully with the orders compelling production of documents and awarding payment of attorney fees. To that end, the undersigned Magistrate Judge certifies the followings facts, found by clear and convincing evidence, to the District Judge under 28 U.S.C. § 636(e)(6) and requests the

---

[1] On May 22, 2012, the District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 52.)
[2] *See* DUCivR 7-1(f).

District Judge issue an Order to Show Cause:

1. This Court previously compelled the Hongchen Defendants to provide Orbit discovery—namely all documents responsive to Plaintiff's Request for Documents Nos. 9-82, 86-89, 94-100, 103-115, 117-128, and 132-138 by March 29, 2013 and pay attorneys' fees and costs. (ECF No. 132.)

2. Orbit granted an additional two weeks to produce three particular categories of documents, and if the Hongchen Defendants produced those, Orbit agreed to discuss an additional extension of time for full compliance with the Court's Order. (ECF No. 169-27 at 1 & 169-28 at 1.)

3. Orbit identified those three categories as: (i) "all communications (such as email) and attachments to such communications sent by or received by 'Megan'"; (ii) "all communications (such as email) between Luo Jun and Janice Capener, along with any attachments"; and "documents relating to all shipments of lawn and garden products for Dong Fang or Hong Chen during the last two years." (Pl.'s Mot. 21, ECF No. 169; *see also* Pl.'s Mot. Ex. 27, ECF No. 169-27.)

4. Requests for production numbers 17 and 75 called for the documents in category one; numbers 13 and 111 called for the documents in category two. (*See* ECF No. 40-1.)

5. The Hongchen Defendants did not make a full production of documents in categories one and two.

    a. The Hongchen Defendants, through the e-mail address megan@zjhconline.com, exchanged a number of e-mails with Nick Eller

concerning the products at issue. (ECF No. 169-12, ¶¶ 6-10, 13-18, 20-26.)[3]

    b. The documents the Hongchen Defendants produced did not include the e-mails exchanged with Mr. Eller. (ECF No. 169-21, ¶ 5.)[4]

    c. The Hongchen Defendants, through the e-mail address megan@zjhconline.com, exchanged a number of e-mails with Dick Katz concerning the products at issue. (ECF No. 169-13, ¶¶ 6-7, 9, 22-26, 28.)[5]

    d. The Hongchen Defendants failed to produce the e-mails identified by Dick Katz. (ECF No. 169-21, ¶ 5.)[6]

    e. The Hongchen Defendants also failed to produce the e-mails exchanged through the megan@zjhconline.com address with others such as Tim Mika. (ECF No. 169 at 15-16, ¶¶ 40-41, ECF No. 169-20, ECF No. 169-21, ¶ 5.)[7]

    f. The documents the Hongchen Defendants produced included few if any e-mails or communications between Luo Jun and Janice Capener. (ECF No. 169 at 22-23, ¶¶ 73-76.)[8]

    g. The documents the Hongchen Defendants produced included no e-mails between Hongchen and Janice Capener, e-mails that Janice Capener admitted

---

[3] The Hongchen Defendants deny the statements made by Mr. Eller but provide no evidentiary support for their denial. (ECF No. 185 at 10, ¶ 31.)
[4] The Hongchen Defendants deny their failure to produce but provide no factual support for their denial. (ECF No. 185 at 18, ¶71.)
[5] The Hongchen Defendants deny the statements made by Mr. Katz but provide no evidentiary support for their denial. (ECF No. 185 at 10, ¶ 31.)
[6] The Hongchen Defendants deny their failure to produce but provide no factual support for their denial. (ECF No. 185 at 17-18, ¶¶ 70-71.)
[7] The Hongchen Defendants deny their failure to produce but provide no factual support for their denial. (ECF No. 185 at 18, ¶71.)
[8] The Hongchen Defendants deny their failure to produce but provide no factual support for their denial. (*See* ECF No. 185 at 18, ¶ 73-76.)

existed at her deposition. (ECF No. 169 at 23, ¶ 75.)

    h. Because the Hongchen Defendants did not make the initial production of documents to which they agreed, Orbit did not discuss or agree to the further extension of time the Hongchen Defendants had requested, and the Hongchen Defendants have not produced any of these other documents to date. (ECF No. 169 at 23-24, ¶ 79.)[9]

6. This Court ordered payment of Attorney Fees in the amount of $9,350.50 on the previous Motion to Compel. (ECF No. 160.)

7. The Hongchen Defendants have not paid this amount. (Pl.'s Reply 6, ECF No. 192.)

8. This case remains pending against the Hongchen Defendants.

9. The plea agreement in the criminal case states in relevant part:

> This agreement is between the United States Attorney for the District of Utah and Hongchen, and its authorized representatives in this criminal case, and applies only to the criminal charges contained in the Indictment in this case. . . . Additionally, this agreement shall not be construed to bar any civil or administrative actions or claims by the United States or any other person or party without limitation.

(ECF No. 169-2 at 10.)

10. The Plea Agreement did not resolve this case or eliminate the discovery obligations of the Hongchen Defendants. (*See* ECF No. 169-2.)

11. The Memorandum of Understanding ("the Memorandum") arranges for ownership and licensing of the patents at issue in the criminal case. (ECF No. 185-2 at 3, ¶¶ A-B.)

---

[9] The Hongchen Defendants deny their failure to produce but provide no factual support for their denial. (ECF No. 185 at 19, ¶ 79.)

12. The Memorandum further limits any liability for monetary damages to the amount of insurance the Hongchen Defendants have and assigned that insurance contract to Orbit. (ECF No. 182-2 at 5, ¶ E.)

13. The Memorandum did settle all claims involving China Exports & Credit Insurance. (ECF No. 185-2 at 6, ¶ H.)

14. The Memorandum between the Hongchen Defendants and Orbit does not resolve this case or eliminate the discovery obligations of the Hongchen Defendants. (*See* ECF No. 185-2.)

15. Orbit suffered substantial prejudice by the Hongchen Defendants' failures to produce discovery by delaying Orbit's conduct of discovery, resolution of the matter, and receipt of compensation for prior discovery misconduct. Without receipt of the requested discovery Orbit cannot make an accurate assessment of the extent of its civil suit. Orbit can only assess the alleged wrongs on which it has obtained discovery from third parties.

16. The Hongchen Defendants have substantially interfered with judicial process by requiring multiple motions and in this motion asserting defenses that do not go to the issue of their failure to satisfy their discovery obligations.

17. The Hongchen Defendants have full culpability for their actions. No arguments asserted justify their failures to comply with court orders.

18. This Court has not previously warned the Hongchen Defendants that the Court would likely strike its Answer and enter judgment in favor of Orbit if it failed to comply with the Court's order.

19. A significant monetary sanction will likely produce compliance with this Court's orders since one basis for the Hongchen Defendants' failure to comply thus far is its mistaken belief that it has no monetary stake in this case. Compliance will significantly advance a just result in this case by allowing for an accurate assessment of the extent of the claims in the case. Orbit cannot accurately present its case without knowing of all the communications and sales it claims violated its rights as set forth in the Complaint.

**BASIS FOR RECOMMENDATION**

Based on the submissions before the Court, the Hongchen Defendants failed to comply with this Court's Order Compelling Production and its Order requiring payment of attorney fees. Furthermore, this Court did not compel discovery based on the State Court Temporary Restraining Order or Preliminary Injunction nor does it recommend a civil contempt finding based on the State Court orders. Thus, the line of argument that the Hongchen Defendants did not receive notice of these orders lacks merit.

Moreover, the Hongchen Defendants have not submitted any evidence to suggest that the plea agreement in a related criminal case absolved the Hongchen Defendants of their duty to respond to discovery in this case. On the contrary, the plea agreement plainly states that the agreement exists only between the United States Attorney for the District of Utah and the Hongchen Defendants, applies only to the criminal charges involved in that State Court case, and does not bar subsequent civil actions. ([ECF No. 169-2 at 10](#).) Thus, the line of argument suggesting the plea agreement mooted all issues in this case likewise fails. The Memorandum of

Understanding (ECF No. 185-2) may limit the potential amount of Orbit's recovery from the Hongchen Defendants, but it does not resolve this case or eliminate the Hongchen Defendants' discovery obligations. The Hongchen Defendants make no other arguments. (ECF No. 185 at 3-4.)

*Ehrenhaus v. Reynolds* discusses the five factors a court should consider before choosing dismissal as a just sanction. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*. (citations omitted). The Court has considered these factors above. Accordingly, in addition to being possibly subject to civil contempt under Rule 37(b)(2)(A)(vii), more severe sanctions may become appropriate in the future, including terminating sanctions should the Hongchen Defendants continue to obstruct discovery. *See id*. Under *Ehrenhaus*, best practices would encourage the Court to warn a party that dismissal of the action would be a likely sanction for noncompliance before imposing terminating sanctions. As certified in paragraph eighteen above, the Court has not previously warned the Hongchen Defendants of the possibility of terminating sanctions. This Report and Recommendation, if adopted, serves as such a warning and entitles the Court to impose terminating sanctions on the Hongchen Defendants in the future if appropriate.

On these bases, the undersigned Magistrate Judge RECOMMENDS the District Court award attorney fees for this motion. The undersigned Magistrate Judge also RECOMMENDS

the District Court hold the Hongchen Defendants in civil contempt with a fine of $1,000.00 per day for every day they fail to comply fully with the orders compelling production of documents and payment of attorney fees.

## CERTIFICATION

The Magistrate Judge certifies the foregoing facts to the District Judge under 28 U.S.C. § 636(e)(6)(B)(iii) as constituting civil contempt. Accordingly, the Magistrate Judge requests that the District Judge establish a day certain for a hearing requiring the Hongchen Defendants to appear in person before the District Judge to show cause why they should not be adjudged in civil contempt by reason of the facts so certified and suffer the imposition of sanctions as follows: a fine of $1,000.00 per day for every day they fail to comply fully with the Orders compelling production of documents and awarding payment of attorney fees. The Court also recommends the District Judge award Orbit's attorney fees expended in making this motion.

Dated this 5th day of February, 2014.

BY THE COURT:

_Evelyn J. Furse_
Evelyn J. Furse
United States Magistrate Judge