IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, a Utah Corporation,<br><br>     Plaintiff,<br><br>v.<br><br>SUNHILLS INTERNATIONAL, a California limited liability company, et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION<br><br><br>Case No. 2:10-CV-113 TS |

  This matter is before the Court on Magistrate Judge Evelyn J. Furse's Order Certifying Facts Regarding Contempt Under 28 U.S.C. § 636(e)(6) and Granting, in Part, Orbit's Motion for Sanctions (the "Report and Recommendation").[1] Defendants Jun Luo, Zhejiang Hongchen Irrigation Equipment Co., Ltd. ("Hongchen"), and Taizhou Dongfang Light Decorations Co., Ltd. ("Dongfang") (collectively the "Hongchen Defendants") filed an objection to the Report and Recommendation. A hearing on the Report and Recommendation and the Hongchen Defendants' Objection was held on March 20, 2014. At that hearing, the Court heard argument from the parties regarding the Hongchen Defendants' Objection.

  Having considered the evidence and arguments presented by the parties, the Court will adopt in part the Report and Recommendation and grant Plaintiff's Motion for Terminating Sanctions.

---

[1] Docket No. 207.

1

I.  BACKGROUND

Plaintiff brought the instant suit against the Hongchen Defendants on January 14, 2011, alleging claims of patent infringement, breach of contract, breach of the duty of good faith and fair dealing, specific performance, and related declaratory relief.  Due to the similarity of the claims against the Hongchen Defendants and a prior case brought by Plaintiff against Sunhills International, the two suits were consolidated.  Plaintiff subsequently amended its complaint to reflect the consolidation of the actions.[2]

On May 1, 2012, Plaintiff moved to compel the production of documents pursuant to its "Request for Documents Nos. 9-82, 86-89, 94-100, 103-115, 117-128, and 132-138."[3]  The Hongchen Defendants opposed the motion to compel on the basis that a criminal indictment with identical allegations had been brought against Hongchen and Jun Luo.  The Hongchen Defendants and their co-defendants also sought to stay this matter pending completion of the criminal proceedings.  The Magistrate Judge denied Defendants such a stay.[4]

The Magistrate Judge granted Plaintiff's motion to compel discovery responses from the Hongchen Defendants on March 18, 2013.[5]  The Magistrate Judge ordered that the Hongchen Defendants provide all documents responsive to Plaintiff's request for production of documents numbers 9–82, 86–89, 94–100, 103–115, 117–128, and 132–138 within fourteen days.  The Magistrate Judge also awarded Plaintiff its reasonable costs and attorneys' fees incurred in bringing its motion to compel.  In a subsequent order, the Magistrate Judge calculated this award

---

[2] *See* Docket No. 38.
[3] Docket No. 39, at 3.
[4] *See* Docket Nos. 114, 115.
[5] *See* Docket No. 132.

of fees at $9,350.50 and instructed that such were "to be paid by [Hongchen], [Dongfang], Luo Jun[,] and [their] attorneys."[6]

In advance of the fourteen-day deadline set out by the Magistrate Judge, the Hongchen Defendants sought an extension of time within which to provide the mandated discovery. Plaintiff "granted an additional two weeks to produce three particular categories of documents, and if the Hongchen Defendants produced those, [Plaintiff] agreed to discuss an additional extension of time for full compliance with the [Magistrate Judge's order to compel]."[7] The three categories of documents identified by Plaintiff were (1) "all communications (such as email) and attachments to such communications sent by or received by 'Megan;'" (2) "all communications (such as email) between Luo Jun and Janice Capener, along with any attachments;" and (3) "documents relating to all shipments of lawn and garden products for Dong Fang or Hong Chen during the last two years."[8]

The Hongchen Defendants made timely disclosure of discovery in all three of these categories; however, they did not make a full production of documents in the first two categories. To date, the Hongchen Defendants have not supplemented their production to comply with the Magistrate Judge's order to compel. Further, up until the March 20, 2014 hearing, the Hongchen Defendants had not paid the amount they were ordered to pay in attorneys' fees.[9]

---

[6] Docket No. 160, at 1.

[7] Docket No. 207, at 2 (citing Docket No. 169 Ex. 27, at 1 & Ex. 28, at 1).

[8] *Id.* (internal quotation marks and citations omitted).

[9] At the March 20, 2014 hearing, counsel of record for the Hongchen Defendants tendered a check from his law firm providing the full amount owed under the Magistrate Judge's order.

3

Based on the foregoing failures, Plaintiff moved for terminating sanctions against the Hongchen Defendants and for an award of attorneys' fees and costs. The Magistrate Judge took the motion under advisement and, in addition to certifying nineteen facts to this Court under 28 U.S.C. § 636(e)(6), recommends that this Court "hold the Hongchen Defendants in civil contempt with a fine of $1,000.00 per day for every day they fail to comply fully with the order compelling production of documents and payment of attorney fees."[10] The Magistrate Judge also recommends that this Court award Plaintiff its attorneys' fees for bringing the motion for terminating sanctions.

The Hongchen Defendants filed an Objection to the Magistrate Judge's Report and Recommendation in which they argued that the Court should decline to adopt the Report and Recommendation because (1) many of the Magistrate Judge's certified facts are not supported by clear and convincing evidence; (2) the Hongchen Defendants reasonably believed that the plea agreement and memorandum of understanding in the related criminal case resolved the remaining claims between these parties; and (3) even if the Court determines that the Hongchen Defendants should be found in contempt, the proposed sanction is not justified.

Shortly before the evidentiary hearing in this matter, the Hongchen Defendants provided a declaration from Jun Luo. In that declaration, Mr. Luo indicates that the server for his computers and for the Hongchen and Dongfang computers was damaged in July 2013. Mr. Luo attests that "[a]ll email dated before July 2013 was destroyed as a result of the damage."[11] Mr. Luo goes on to state that he has "examined the computers over which [he] ha[s] custody,

---

[10] *Id.* at 8.

[11] Docket No. 225 Ex. 1, at 2.

4

possession, and control, both personally and as a company representative of Hongchen and Dongfang, to identify any email or document responsive to these Request Nos. 13, 17, 75, or 111" and "[b]ecause of the server damage . . . [he] did not find any email or documents responsive to Request Nos. 13, 17, 75, or 111."[12]

At the March 20, 2014 hearing, the Hongchen Defendants conceded that they had no evidence to dispute the facts certified by the Magistrate Judge. The Court will adopt those facts as if stated here and consider them where applicable in its analysis of the proper sanction to be applied in this case. The Hongchen Defendants continue to assert that the sanction proposed in the Report and Recommendation—a fine of $1,000.00 a day until the mandated discovery is produced—is not justified.

## II. DISCUSSION

Twenty-eight U.S.C. § 636(e) sets out the procedure by which a magistrate judge may exercise its contempt authority. Section 636(e)(6)(B)(iii) provides the process by which a magistrate judge in a proceeding under § 636(a) may find that a party's action constitutes civil contempt. That section states that

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.[13]

---

[12] *Id.* at 3.

[13] 28 U.S.C. § 636(e)(6)(B)(iii).

A.     CONTEMPT

"In a civil contempt case, the party seeking a citation of contempt bears a heavy burden."[14] "A party alleging contempt and seeking a civil remedy must prove it by clear and convincing evidence."[15] Clear and convincing evidence is that evidence that "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue."[16]

To prevail on a claim of civil contempt, a plaintiff must demonstrate the following elements: "(1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order."[17]

The order at issue in this case is the Magistrate Judge's March 2013 order granting Plaintiff's motion to compel.[18] The Hongchen Defendants do not dispute the existence of that order or that they had knowledge of that order. Further, as demonstrated in the certified findings and by the record in this case, the Hongchen Defendants failed to abide by that order in several regards.

First, up until the March 20, 2014 hearing, the Hongchen Defendants failed to pay the $9,350.50 in attorneys' fees awarded by the Magistrate Judge. The payment of those fees at the

---

[14] *Equifax Servs., Inc. v. Hiltz*, 968 F.2d 1224, 1992 WL 163282, at *13 (10th Cir. July 9, 1992) (unpublished table decision).

[15] *Reliance Inc. Co. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996).

[16] *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 285 n.11 (1990) (brackets in original) (internal quotation marks and citations omitted).

[17] *Phone Directories Co., Inc. v. Clark*, 209 F. App'x 808, 813 (10th Cir. 2006) (unpublished).

[18] *See* Docket No. 132.

6

hearing came not because of any recognition by the Hongchen Defendants of the dilatory nature of their conduct, but rather because of the unilateral action of their recently retained counsel.

Second, the declaration of Mr. Luo makes clear that the Hongchen Defendants possessed emails and other documents that may have been responsive to Plaintiff's request for production of documents numbers 13, 17, 75, and 111 prior to July 2013 that were not produced.[19] While the declaration clarifies that production since that time has not occurred because of a server failure, the declaration does not explain why the Hongchen Defendants failed to abide by the March 18, 2013 order prior to July 2013. Further, in light of the timing of Mr. Luo's declaration, the Court finds the Hongchen Defendants' attestation as to the cause of their failure to produce the mandated documents to be suspect.

Third, the Magistrate Judge's certified finding 5h states that "[b]ecause the Hongchen Defendants did not make the initial production of documents to which they agreed, Orbit did not discuss or agree to the further extension of time the Hongchen Defendants had requested, and the Hongchen Defendants have not produced any of these other documents to date."[20] The record as a whole supports this finding. Given the failure of the Hongchen Defendants' server, the Court also finds it unlikely that the Hongchen Defendants will supplement their production to comply with the order to compel by providing any of the documents requested in Plaintiff's requests for production.

The Hongchen Defendants argue that their failure to abide by the order to compel was justified based on their understanding of a plea agreement and memorandum of understanding

---

[19] *See* Docket No. 225 Ex. 1, at 2–3.

[20] Docket No. 207, at 4 (citing Docket No. 169, at 23–24).

entered into in a related criminal proceeding. The Magistrate Judge rejected the Hongchen Defendants' contention that the plea agreement and memorandum of understanding in any way resolved this case.

Paragraphs 8–14 of the Magistrate Judge's certified facts pertain to this argument. Those paragraphs state as follows:

> This case remains pending against the Hongchen Defendants. The plea agreement in the criminal case states in relevant part: "This agreement is between the United States Attorney for the District of Utah and Hongchen, and its authorized representative in this criminal case, and applies only to the criminal charges contained in the Indictment in this case . . . . Additionally, this agreement shall not be construed to bar any civil or administrative actions or claims by the United States or any other person or party without limitation." The [p]lea [a]greement did not resolve this case or eliminate the discovery obligations of the Hongchen Defendants.
> The [memorandum of understanding] arranges for ownership and licensing of the patents at issue in the criminal case. The [memorandum of understanding] further limits any liability for monetary damages to the amount of insurance the Hongchen Defendants have and assigned that insurance contract to Orbit. The [memorandum of understanding] did settle all claims involving China Exports & Credit Insurance. The [memorandum of understanding] between the Hongchen Defendants and Orbit does not resolve this case or eliminate the discovery obligations of the Hongchen Defendants.[21]

In the March 20, 2014 hearing, the Hongchen Defendants conceded that they could not dispute the accuracy of the Magistrate Judge's certified facts. Moreover, the above-quoted certified facts are a fair appraisal of the content of the plea agreement and the memorandum of understanding. As the Magistrate Judge correctly notes, the plea agreement did not result in the dismissal of the Hongchen Defendants from this case. For this reason, the Court finds that the Hongchen Defendants' actions in disobeying the order to compel were not justified by their interpretation of the plea agreement and memorandum of understanding.

---

[21] *Id.* at 4–5 (quoting Docket No. 169-2, at 10).

In sum, the Court finds that Plaintiff has demonstrated by clear and convincing evidence that the Hongchen Defendants knowingly disobeyed the Magistrate Judge's order to compel. Accordingly, the Court finds a citation of contempt proper.

B.  SANCTION

There are "two traditional types of contempt: civil contempt and criminal contempt."[22] "The distinction between criminal and civil contempt is important because 'criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protection that the Constitution requires of such criminal proceedings.'"[23] Given this added level of protection in the criminal contempt context, a court errs where it imposes a contempt sanction in the civil context that crosses into the realm of criminal contempt.[24]

"Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance."[25] "If the relief provided is a fine, it is remedial when it is paid to the complainant and punitive when it is paid to the court."[26] However,

> [c]ertain indirect contempts nevertheless are appropriate for imposition through civil proceedings. Contempts such as failure to comply with document discovery, for example, while occurring outside the court's presence, impede the court's ability to adjudicate the proceedings before it and thus touch upon the core justification for the contempt power. Courts traditionally have broad authority

---

[22] *F.T.C. v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004).

[23] *Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1442 (10th Cir. 1998) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826 (1994)).

[24] *See Bagwell*, 512 U.S. at 833.

[25] *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

[26] *Hicks v. Feiock*, 485 U.S. 624, 632 (1988).

9

through means other than contempt—such as by striking pleadings, assessing costs, excluding evidence, and entering default judgment—to penalize a party's failure to comply with the rules of conduct governing the litigation process. Such judicial sanctions never have been considered criminal, and the imposition of civil, coercive fines to police the litigation process appears consistent with this authority.[27]

In *Law v. National Collegiate Athletic Association*, the Tenth Circuit held that fines payable to the court may be upheld as civil if intended to coerce and "as long as the offending party can avoid them by complying with the court's order."[28] However, the court in *Law* further instructed that "[e]ven coercive fines that may be avoided by obeying the court's orders may be considered criminal if the sanctionable conduct did not occur in the court's presence and elaborate fact finding is required."[29]

Here, the actions constituting contempt did not occur within the Court's presence and elaborate fact finding is required in order to establish the exact nature of the Hongchen Defendants' contemptuous acts. As persuasively argued by the Hongchen Defendants, Mr. Luo's declaration also makes clear that a monetary fine is not likely to coerce the Hongchen Defendants to turn over documents that were destroyed as a result of a server failure. It does not appear from the evidence presented that such a fine would be compensatory in nature.[30] For all of these reasons, the Court will decline to apply a fine of $1,000.00 a day as recommended by the Magistrate Judge.

---

[27] *Bagwell*, 512 U.S. at 833 (citing Fed. R. Civ. P. 11, 37).

[28] *Law*, 134 F.3d at 1443.

[29] *Id.* at 1443 n.8 (citing *Bagwell*, 512 U.S. 821; Philip A. Hostak, *Int'l Union, United Mine Workers v. Bagwell, A Paradigm Shift in the Distinction Between Civil and Criminal Contempt*, 81 Cornell L. Rev. 181 (1995)).

[30] *Hicks*, 485 U.S. at 632 (holding that it is well settled that "[a] fine payable to the complaining party and proportioned to the complainant's loss is compensatory and civil").

That being said, the Court is not limited to monetary fines in imposing a sanction for the Hongchen Defendants' contempt. In the underlying motion, Plaintiff seeks as a sanction the striking of the Hongchen Defendants' Answer to Plaintiff's Third Amended Complaint, entry of judgment in favor of Plaintiff with respect to its request for a permanent injunction, and an award of Plaintiff's reasonable attorneys' fees and costs.

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court may impose the following sanctions for a failure to comply with a discovery order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Thus, Rule 37(b)(2)(A)(iii) and (vi) permit a court to strike a pleading in whole or in part and enter judgment against a party as a sanction for that party's failure to comply with a discovery order.

In considering whether to grant such terminating sanctions, the Tenth Circuit has instructed that

> a district court should ordinarily consider the following factors: "(1) the degree of actual prejudice to the [movant]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[31]

---

[31] *Norouzian v. Univ. of Kan. Hosp. Auth.*, 438 F. App'x 677, 679 (10th Cir. 2011) (unpublished) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

11

"These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."[32]

As to the first factor, Plaintiff has been prejudiced by the Hongchen Defendants' unwillingness to engage in good faith in the discovery process. This case is now over three years old and yet, because of the Hongchen Defendants' dilatory tactics, Plaintiff has been unable to obtain the discovery necessary to pursue its claims. This protracted delay has resulted in the expenditure of resources pursuing collateral issues rather than addressing the merits of Plaintiff's case. For substantially the same reasons, the Court finds that the Hongchen Defendants' actions have interfered with the judicial process.

The Court also finds that the Hongchen Defendants are culpable for their conduct. It is undisputed that as late as four months after the Magistrate Judge issued her order to compel, the Hongchen Defendants possessed documents and emails responsive to Plaintiff's discovery request that they refused to produce. The Hongchen Defendants have not provided any grounds for their refusal to provide the documents and emails they possessed at that time.

In the Report and Recommendation, the Magistrate Judge certified that "[t]his Court has not previously warned the Hongchen Defendants that the Court would likely strike its Answer and enter judgment in favor of Orbit if it failed to comply with the Court's order."[33] The Magistrate Judge indicated that the Report and Recommendation, if adopted, would put the Hongchen Defendants on notice that future noncompliance with the Court's discovery orders

---

[32] *Ehrenhaus*, 965 F.2d at 921.

[33] Docket No. 207, at 5.

12

could result in terminating sanctions.[34] Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), this Court subsequently scheduled a hearing to allow the Hongchen Defendants to show cause why they should not be held in contempt due to their failure to comply with the Magistrate Judge's orders. This Court is persuaded that the Report and Recommendation acted as such notice and that the Hongchen Defendants failed to show cause in their subsequent briefing and at the show cause hearing why terminating sanctions are not merited.

The Court finds particularly pertinent to its analysis the inefficacy of lesser sanctions. As the Hongchen Defendants argued at the March hearing, a monetary sanction is not likely to coerce the Hongchen Defendants into providing discovery that has now been lost due to a server failure. The factual background in this case also demonstrates that the Hongchen Defendants were unwilling to provide the mandated discovery when it was in their possession. Indeed, Mr. Luo's declaration makes clear that no sanction will bring about the Hongchen Defendants' compliance.

In short, the Hongchen Defendants failed to provide the mandated discovery (1) when originally requested, (2) when compelled to do so, (3) as a result of the Report and Recommendation and the threat of sanctions, or (4) at a show cause hearing before this Court. Though granted multiple opportunities to engage in good faith in the discovery process, the Hongchen Defendants have manifested an unwillingness to do so. "[T]here is such [a] thing as discovery karma. Discovery misconduct often may be seen as tactically advantageous at first. But just as our good and bad deeds eventually tend to catch up with us, so do discovery

---

[34] *Id.* at 7.

machinations."[35] This is the end "Rule 37 seeks to ensure."[36] In keeping with this aim, the Court finds that terminating sanctions are merited in this case.

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 207) is ADOPTED IN PART.  The Court adopts the Report and Recommendation to the extent it recommends that the Court find the Hongchen Defendants to be in contempt and awards Plaintiff reasonable costs and attorneys' fees expended in litigating this issue.  Plaintiff is instructed to file a properly supported motion for attorneys' fees and costs within fourteen (14) days.  It is further

ORDERED that Plaintiff's Motion for Terminating Sanctions Against the Hongchen Defendants (Docket No. 169) is GRANTED.  Plaintiff is instructed to provide the Court with a proposed permanent injunction with legal support for this Court's review within fourteen (14) days of this Order.  The Hongchen Defendants shall have fourteen (14) days from the filing of the proposed permanent injunction to file any response, if so desired.

DATED this 2nd day of April, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[35] *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011).

[36] *Id.*