IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUNHILLS INTERNATIONAL, LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING SHUNILLS DEFENDANTS' MOTION FOR ENTRY OF PARTIAL SUMMARY JUDGMENT AND MOTIONS FOR ATTORNEY FEES<br><br><br>Case No. 1:10-CV-113 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Sunhills International, LLC, Janice Capener, Dan Capener, and Rong Peng's (collectively, the "Sunhills Defendants") Motion for Entry of Partial Summary Judgment and Motions for an Award of Attorney Fees. For the reasons discussed below, the Court will deny the Motions.

I.  BACKGROUND

Plaintiff Orbit Irrigation Products, Inc. ("Orbit") filed suit against Sunhills International, LLC on July 14, 2010. Plaintiff has since amended its complaint several times. Plaintiff's Third Amended Complaint brought eight claims, including claims for: (1) patent infringement under 35 U.S.C. § 271; (2) trademark infringement under 15 U.S.C § 114; (3) trademark and trade dress infringement under 15 U.S.C. § 1125; (4) violation of truth in advertising under Utah Code Ann. § 13-11A-3; (5) unfair competition under Utah Code Ann. § 13-15a-102 and Utah common law; (6) conspiracy; (7) misappropriation of trade secrets; and (8) unjust enrichment, tortious interference, and defamation.

1

On March 25, 2015, the Court dismissed without prejudice Plaintiff's claims relating to U.S. Patent No. D399,916 (the "'916 Patent") based on lack of standing. On July 27, 2015, Plaintiff sought to dismiss without prejudice all claims against the Sunhills Defendants so that it could consolidate its claims against those Defendants in a pending state court action. The Sunhills Defendants did not object to dismissal, but sought to condition that dismissal on an award of attorney's fees and costs. On September 3, 2015, the Court dismissed Plaintiff's claims against the Sunhills Defendant without prejudice. The Court directed the Sunhills Defendants to file any motions related to attorney's fees and costs. Those Motions are now before the Court.[1]

## II.  DISCUSSION

A.   PARTIAL SUMMARY JUDGMENT

The Sunhills Defendants seek summary judgment on Plaintiff's claims relating to the '916 Patent. However, the Court has already dismissed Plaintiff's claims related to the '916 Patent without prejudice, giving Plaintiff the opportunity to refile its claims "if so desired."[2] The Sunhills Defendants cite no authority for the proposition that the Court could enter summary judgment on a previously dismissed claim. The Sunhills Defendants complain that Plaintiff failed to join the Patentee, Arizona Mist, which would give Plaintiff standing to pursue claims related to the '916 Patent. But the Court did not impose any deadline on Plaintiff refiling its claims, nor did it require joinder. Moreover, Plaintiff has since dismissed without prejudice all remaining claims against the Sunhills Defendants. Therefore, the Court will deny this Motion.

---

[1] Taxation of costs is a matter decided by the Clerk of Court in the first instance. Thus, the Court has not addressed the Sunhills Defendants' request for costs.

[2] Docket No. 332, at 7.

B.      FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

The Court previously dismissed Plaintiffs' claim against the Sunhills Defendants without prejudice. In its motion seeking dismissal, Plaintiff indicated its desire to consolidate its claims against the Sunhills Defendant in an action currently pending in state court. The Sunhills Defendants now seek reimbursement for the attorney's fees expended in this case.

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Tenth Circuit has stated that "[w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."[3] However, fees will generally not be awarded for work product that will be useful in subsequent litigation.[4]

The Court recognizes it has the authority to condition a voluntary dismissal upon the reimbursement of attorney's fees. This is especially true where a party faces the risk that the plaintiff will refile the suit. However, the parties have long had parallel lawsuits in this Court and the Utah state court. Indeed, Plaintiff's express purpose in dismissing its claims against the Sunhills Defendants in this Court was to consolidate its claims against the Sunhills Defendants. Rather than duplicating expenses, Plaintiff's actions have the real possibility of preserving the resources of all parties. Moreover, the Sunhills Defendants have failed to explain how the work product produced in this litigation will not be useful in the state court action. Therefore, the Court declines to award attorney's fees under Federal Rule of Civil Procedure 41(a)(2).

---

[3] *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

[4] *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985).

C.  UTAH CODE ANN. § 13-11a-4

The Sunhills Defendants further seek attorney's fees related to Plaintiff's Truth in Advertising claim. Utah Code Ann. § 13-11a-4(2)(c) provides that "[t]he court shall award attorneys' fees to the prevailing party." As with Plaintiff's other claims, Plaintiff's Truth in Advertising claim was dismissed without prejudice and has been added to the state court case. The Sunhills Defendants provide no support for the notion that Plaintiff's dismissal without prejudice makes them a prevailing party under the statute. Rather, the prevailing party will be determined in the state court litigation and that party may seek fees at the appropriate time.

D.  35 U.S.C. § 285

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[5] To be a "prevailing party," that party must "have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party."[6]

The Sunhills Defendants argue that they will be a prevailing party if the Court grants their Motion for Partial Summary Judgment. For the reasons set forth above, the Court will deny that Motion. Thus, there is no basis upon which the Court could find that the Sunhills Defendants are prevailing parties. To the extent that the Sunhills Defendants argue that they are

---

[5] 35 U.S.C. § 285.

[6] *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (quoting *Farrar v. Hobby*, 506 U.S. 103, 112 (1992)).

prevailing parties based on the Court's dismissal without prejudice of Plaintiff's claims relating to the '916 Patent, the Court rejects that argument.[7]

Even if the Sunhills Defendants could be considered prevailing parties, the Court does not find this case to be "exceptional" so as to warrant the award of attorney's fees. The Supreme Court recently held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[8] This Court is to "determine whether a case is 'exceptional' in the case-by-case exercise of [its] discretion, considering the totality of the circumstances."[9]

The bulk of the Sunhills Defendants' arguments relate to the '916 Patent. In its Complaint, Plaintiff alleged that it was the exclusive licensee of the '916 Patent. However, a written assignment was not recorded until nearly two years after the Complaint was filed. At summary judgment, Plaintiff presented evidence to support its belief that it had an exclusive license. However, the Court ultimately concluded that Plaintiff lacked standing to pursue its claims because there was not sufficient evidence that a written license existed at the inception of the lawsuit.

The Sunhills Defendants argue that this is an exceptional case because Plaintiff "engaged in litigation misconduct by alleging frivolous patent infringement claims for patents that it did

---

[7] *See Mars, Inc. v. JCM Am. Corp.*, Civil No. 05-3165, 2009 WL 2356834, at *5 (D. N.J. July 30, 2009) (finding that defendants were not prevailing parties where the case was dismissed without prejudice based on lack of standing); *see also H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002) (noting that "lack of standing is not an issue that goes to the merits of the underlying patent issues").

[8] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

[9] *Id.*

not have standing to assert, intentionally misrepresenting material documents, and continuing litigation in the face of this information."[10] In short, the Sunhills Defendants argue that Plaintiff knew that it did not have a written assignment of the '916 Patent at the time it filed its Complaint and then engaged in various acts of misconduct to conceal this fact. This argument is not supported by the evidence. The Sunhills Defendants' argument is based on speculation and conjecture and would require the Court to make a number of inferences it is not willing to make on the record before it. Therefore, the Court rejects this request.

The Sunhills Defendants further argue that Plaintiff's claims were brought in bad faith and were motivated by a desire to induce settlement. But again, this argument is not supported by the evidence. The record does reveal ongoing discovery disputes between the parties concerning Plaintiff's damages calculations. This ongoing dispute, however, does not support the Sunhills Defendants' contention that Plaintiff's claims were brought in bad faith or for an improper purpose. Therefore, the Court declines to award attorney's fees on this basis.

E.   28 U.S.C. § 1927

Section "1927 permits, but does not require, the district court to impose sanctions in the form of excess costs, expenses, and attorney's fees on 'any attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously.'"[11] "[T]he power to assess costs against

---

[10] Docket No. 348, at 13.

[11] *Ctr. for Legal Advocacy v. Earnest*, 89 F. App'x 192, 193 (10th Cir. 2004) (unpublished) (quoting 28 U.S.C. § 1927).

6

an attorney under § 1927 . . . is a power that must be strictly construed and utilized only in instances evidencing a serious . . . disregard for the orderly process of justice."[12]

Applying an objective bad faith standard, sanctions under § 1927 "are appropriate when: (1) an attorney attempts to mislead the court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation."[13]

The Sunhills Defendants request attorney's fees under 28 U.S.C. § 1927 based on the same conduct that makes up their request for fees under 35 U.S.C. § 285. For substantially the same reasons set forth above, the Court declines to award attorney's fees under this provision.

### III.  CONCLUSION

It is therefore

ORDERED that the Sunhills Defendants' Motion for Entry of Partial Summary Judgment (Docket No. 344) is DENIED. It is further

ORDERED that the Sunhills Defendants' Motions for an Award of Attorney Fees (Docket Nos. 345 and 348) are DENIED. It is further

ORDERED that the Sunhills Defendants' Motion to Seal (Docket No. 372) is GRANTED.

---

[12] *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (internal quotation marks and citations omitted).

[13] *Ctr. for Legal Advocacy*, 89 F. App'x at 193.

DATED this 25th day of November, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge