IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>SUNHILLS INTERNATIONAL, LLC, a California limited liability company; and DOES 1-10,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PLAINTIFF'S MOTION FOR ADDITIONAL FEES<br><br>Case No. 1:10-CV-113 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Renewed Motion for Entry of Default Judgment and Plaintiff's Motion for Additional Fees. For the reasons discussed below, the Court will grant in part and deny in part both motions.

I.  BACKGROUND

Plaintiff brought suit against Defendants Jun Luo, Zhejiang Hongchen Irrigation Equipment Co., Ltd., and Taizhou Dongfang Light Decorations Co., Ltd. (collectively the "Hongchen Defendants") on January 14, 2011, alleging claims of patent infringement, breach of contract, breach of the duty of good faith and fair dealing, specific performance, and related declaratory relief. On April 2, 2014, the Court entered terminating sanctions against the Hongchen Defendants based on their litigation misconduct.

Plaintiff sought attorney's fees and a permanent injunction against the Hongchen Defendants. Plaintiff also sought default judgment. The Court entered a permanent injunction on March 25, 2015. However, the Court declined to enter default judgment at that time due to

the risk of inconsistent verdicts against the remaining Defendants, the Sunhills Defendants. Plaintiff has since dismissed without prejudice its claims against the Sunhills Defendants. Plaintiff now seeks default judgment against the Hongchen Defendants and an award of attorney's fees.

## II.  DISCUSSION

A.   DEFAULT JUDGMENT

The Court previously declined to enter default judgment against the Hongchen Defendants based on Plaintiff's pending claims against the Sunhills Defendants. Those claims have now been dismissed without prejudice and Plaintiff is pursuing some of those claims in state court. Plaintiff has now renewed its request for entry of default judgment.

Both the Hongchen Defendants and the Sunhills Defendants object to the entry of default judgment. The Hongchen Defendants argue that the Court should deny Plaintiff's Renewed Motion for the same reason it denied the previous motion. The Court previously denied Plaintiff's request to enter default judgment against the Hongchen Defendants based on the risk of inconsistent judgments against the then-remaining Sunhills Defendants. However, Plaintiff's claims against the Sunhills Defendants have now been dismissed without prejudice.

Upon entry of default, the court may enter default judgment against a defendant. "Decisions to enter judgment by default are committed to the district court's sound discretion."[1] "'[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or

---

[1] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

2

all defendants have defaulted.'"[2] This "principle is designed to apply only when it is necessary that the relief against the defendants be consistent."[3] "[W]here uniformity of liability is not logically required by the facts and theories of the case, the risk of inconsistent judgments is not sufficiently extreme to bar entry of default judgment as a matter of law."[4]

In this case, Plaintiff's Third Amended Complaint asserted eight causes of action. Three causes of action (patent infringement, trademark infringement, and trade dress infringement) were asserted against all Defendants. Three more claims (truth in advertising, unfair competition, and conspiracy) were only asserted against the Sunhills Defendants. The remaining two claims (misappropriation of trade secrets; and unjust enrichment, tortious interference, and defamation) were only asserted against the Hongchen Defendants. Of the claims that were pleaded against all Defendants, only the trademark and trade dress claims remain in the state court. While the claims against both sets of Defendants are similar, there is nothing to suggest a judgment against the Hongchen Defendants would necessarily be inconsistent with a judgment in favor of the Sunhills Defendants. This is especially true given the type of relief Plaintiff sought from the Hongchen Defendants. Therefore, the Court rejects Defendants' argument. Even accepting the Hongchen Defendants' argument that entry of judgment is inappropriate under *Frow*, the Court would nevertheless find that there is no just reason to delay the entry of

---

[2] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10A Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 1998)); *see also Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

[3] 10A Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690.

[4] *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1008–09 (N.D. Cal. 2001).

judgment against the Hongchen Defendants under Rule 54(b) based on the dismissal of Plaintiff's claims against the Sunhills Defendants.

The Hongchen Defendants further argue that Plaintiff's proposed judgment does not accurately reflect the Court's previous rulings, specifically related to the '916 Patent. The Court agrees. The Court has held that Plaintiff lacked standing to bring claims related to the '916 Patent and those claims have been dismissed without prejudice. Therefore, the Court declines to enter judgment in favor of Plaintiff on claims relating to the '916 Patent.

Finally, the Hongchen Defendants argue that entry of judgment is unnecessary because Plaintiff has obtained all the relief it sought against the Hongchen Defendants. However, the Hongchen Defendants cite no authority for this proposition. Rule 58(a) of Federal Rules of Civil Procedure generally requires that every judgment be set out in a separate document, with certain exceptions not applicable here. There is nothing to suggest that the parties or the Court anticipated that the Permanent Injunction previously issued would constitute a final judgment. Indeed, the very day the Court issued the Permanent Injunction it denied Plaintiff's request for entry of default judgment against the Hongchen Defendants. Therefore, something more is required to comply with Rule 58(a).

In addition to making arguments similar to those made by the Hongchen Defendants, the Sunhills Defendants argue that the proposed default judgment prepared by Plaintiff is overly broad and may negatively affect their rights in the state court litigation. Specifically, the Sunhills Defendants take issue with certain statements in the proposed default judgment related to Plaintiff's patent infringement and conspiracy claims. The Court agrees that Plaintiff's proposed default judgment, as submitted, has the potential of causing confusion and could

negatively affect the Sunhills Defendants in the state court litigation. Therefore, the Court declines to enter the judgment submitted to the Court. However, the Court will enter judgment against the Hongchen Defendants for the reasons discussed above. The Court emphasizes that the entry of judgment should not be construed as touching on any of the claims or defenses Plaintiff and the Sunhills Defendants may assert in the state court action.

B.   ATTORNEY'S FEES

Plaintiff argues that it is entitled to an award of attorney's fees because this is an exceptional case. 35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) similarly allows a court to award attorney's fees in exceptional cases.[5]

In considering § 285, the Supreme Court recently held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[6] Courts have applied this standard to the award of attorney's fees under the Lanham Act.[7] This Court is to "determine whether a case is 'exceptional' in the case-by-case exercise of [its] discretion, considering the totality of the circumstances."[8]

---

[5] Plaintiff requests attorney's fees under other state and federal statutes, but the Court need not address those other provisions based on its determination that Plaintiff is entitled to attorney's fees because this is an exceptional case.

[6] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014).

[7] *Georgia-Pac. Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 720–21 (4th Cir. 2015). *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314–15 (3d Cir. 2014).

[8] *Octane Fitness, LLC*, 134 S.Ct. at 1756.

The Hongchen Defendants' litigation misconduct is fully set out in the Court's Memorandum Decision and Order Adopting in Part the Magistrate Judge's Report and Recommendation,[9] and need not be repeated here.  Plaintiff argues that this conduct makes this case exceptional and the Court agrees.

The Hongchen Defendants respond, arguing that under *Octane Fitness*, "sanctionable conduct is not the appropriate benchmark" for awarding fees.[10]  This is a misreading of that decision.  While the Supreme Court did state that "sanctionable conduct is not the appropriate benchmark" for determining fees, it made this statement in criticizing the overly narrow approach the Federal Circuit had taken in awarding fees.[11]  The Court went on to state: "Under the standard announced today, a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."[12]  Thus, the Court expanded, rather than restricted, the ability of courts to award attorney's fees, even in cases where the parties engaged in conduct that was not independently sanctionable.

The Hongchen Defendants also argue that it has already been sanctioned for its litigation misconduct and, as a result, the Court should exercise its discretion to not award Plaintiff its attorney's fees.  The Court declines to do so.  While the Court has entered terminating sanctions against the Hongchen Defendants, the Court finds that an award of attorney's fees is appropriate

---

[9] Docket No. 237.

[10] Docket No. 361, at 5.

[11] *Octane Fitness, LLC*, 134 S.Ct. at 1756.

[12] *Id.* at 1756–57.

given the exceptional nature of this case.  However, the Court will not award the full amount of Plaintiff's fee request.

Plaintiff requests the Court impose attorney's fees that the Magistrate Judge previously declined to award.  Plaintiff had previously requested attorney's fees incurred as a result of the Hongchen Defendant's litigation misconduct.  Plaintiff requested a fee award of $155,248.70.  After reviewing the parties' arguments, the Magistrate Judge declined to award Plaintiff its requested amount, only awarding $50,689.96 in fees.[13]  Plaintiff did not object or contest the Magistrate Judge's ruling.  However, Plaintiff now seeks those fees the Magistrate Judge declined to award.

Federal Rule of Civil Procedure 72(a) requires a party to file any objections to a magistrate judge's nondispositive pretrial order within fourteen days after being served with a copy.  "A party may not assign as error a defect in the order not timely objected to."[14]  The Tenth Circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."[15]  Plaintiff has provided no reason as to why it did not file an objection to the Magistrate Judge's order within the fourteen days required by Rule 72(a).   Plaintiff also fails to provide any reason why the Court should reconsider the Magistrate Judge's decision.  Therefore, the Court will deny Plaintiff's request to award the fees that were previously denied by the Magistrate Judge.

---

[13] Docket No. 331.

[14] Fed. R. Civ. P. 72(a).

[15] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

7

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Renewed Motion for Entry of Default Judgment (Docket No. 355) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Plaintiff's Motion for Additional Fees (Docket No. 356) is GRANTED IN PART AND DENIED IN PART

The Clerk of the Court is directed to enter judgment in favor of Plaintiff on its claims against the Hongchen Defendants, except Plaintiff's claims related to the '916 Patent.  Plaintiff is awarded attorney's fees in the amount of $220,287.25.  The Permanent Injunction previously entered (Docket No. 333) remains in effect and is incorporated into the judgment by reference.

The Clerk of the Court is directed to close this case forthwith.

DATED this 30th day of November, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge